Memorandum.
The “ show-up ” procedure employed by the police was highly suggestive and improper (Stovall v. Denno, 388 U. S. 293; People v. Ahmed, 20 N Y 2d 958; People v. Ballott, 20 N Y 2d 600; People v. Brown, 20 N Y 2d 238, 243-244). This does not mean, however, that Miss Milligan’s and Mrs. Horrocks ’ testimony identifying the defendants should necessarily be excluded. The case should be remitted to the Supreme Court, Westchester County, for a hearing where the People must prove by 11 clear and convincing ” evidence that the witnesses’ in-court identification was not tainted by the improper show-up (United States v. Wade, 388 U. S. 218, 240; People v. Ahmed, supra; People v. Ballott, supra). We have considered the other contentions raised by defendants and have found them to be without merit.
Accordingly, the judgments appealed from should be modified to the extent of directing a hearing on the issue of the in-court identification and, as so modified, affirmed.
Chief Judge Fuld and Judges Burke, Sclleppi, Bergan, Keating and Bbeitel concur; Judge Jasen dissents and votes to affirm.
Judgments modified in accordance with the memorandum and, as so modified, affirmed.