UNITED STATES of America ex rel. Percy RUTHERFORD, Petitioner,

v.

John T. DEEGAN, Warden of Sing Sing Prison, Respondent.

No. 68 C 710.

United States District Court
E. D. New York.

Aug. 22, 1968.

James J. McDonough, Legal Aid Society of Nassau County, Mineola, for petitioner; by Matthew Muraskin, Mineola, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for respondent; by Hillel Hoffman, Asst. Atty. Gen., of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Petitioner, Percy Rutherford, applies to this Court for the issuance of a writ of habeas corpus. He is presently serving a ten to twenty year sentence at Sing Sing Prison, Ossining, New York, after having been convicted by a jury on September 15, 1966 of the crimes of robbery in the first degree, grand larceny in the second degree, and two counts of assault in the third degree. He attacks his conviction and sentence on the ground that his pre-trial identification violated due process of law, tainting an in-court identification.

Petitioner has exhausted his state remedies by raising this and other issues in an appeal to the Appellate Division, Second Department, of the Supreme Court of the State of New York, and a further appeal to the New York Court of Appeals. The Appellate Division affirmed the conviction without opinion (28 A.D.2d 824, 282 N.Y.S.2d 461), and the Court of Appeals affirmed unanimously (21 N.Y.2d 889, 289 N.Y.S.2d 228, 236 N.E.2d 498), merely citing section 542 of the Code of Criminal Procedure, New York's so called "harmless error" statute.

The United States Supreme Court in 1967 announced that the Sixth Amendment requires the presence of counsel when a witness identifies a defendant after his indictment and before his trial (United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 [1967] and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 [1967]). If the pre-trial identifications occurred before June 12, 1967, the date of these decisions, the rule is not given retroactive effect, but a defendant may nevertheless attack the identification if on the facts it deprived him of due process of law (Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 [1967]). The Supreme Court pointed out in *Stovall* that law enforcement officials had relied on the belief that the Constitution did not require the presence of counsel at pre-trial confrontations for identification, and that, if retroactive application were given to *Wade* and *Gilbert*,

> "the processing of current criminal calendars would be disrupted while hearings were conducted to determine taint, if any, in identification evidence, and whether in any event the admission of the evidence was harmless error." (388 U.S. at 300, 87 S.Ct. at 1971.)

In the case of an identification before June 12, 1967, a defendant seeking relief would have to show that the confrontation "was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." (Id. at 302, 87 S.Ct. at 1972.) In this connection the Court stated that "a claimed violation of due process of law in the conduct of a con-

frontation depends on the totality of the circumstances surrounding it * * *." (Id. at 302, 87 S.Ct. at 1972.)

In the present case all the circumstances affecting the court identification and the pre-trial identification were developed at the trial and considered by the state courts.

The defendant's conviction was based on the testimony of his victim, who observed him for approximately five minutes at the time of the hold-up. She testified on direct examination that the defendant was one of two persons who threatened her with a gun and took money from the cash register and from her purse while she was in charge of a dry cleaning establishment in Long Beach, where defendant lived. On cross-examination, it was brought out that she had previously identified the defendant at the police station through a one-way mirror. She had given the police a description immediately after the hold-up. Thereafter, she had been shown hundreds of photographs and had looked at several other Negro suspects, most of them at individual "show-ups," but did not identify any of them as her attackers. Defendant was picked up about ten days after the robbery, and the witness was taken to see him at the police station that same evening. She recognized defendant immediately.

No new facts are alleged in the petition for habeas corpus. The impact of the *Wade, Gilbert* and *Stovall* cases on the facts was discussed by both sides in their Court of Appeals briefs. In two analogous cases, federal courts have found that single suspect confrontations were not so improperly suggestive as to constitute a denial of due process of law (Crume v. Beto, 383 F.2d 36 [5 Cir. 1967]; Hanks v. United States, 388 F. 2d 171 [10 Cir.1968]). See also Biggers v. State of Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (March 18, 1968).

Petitioner asserts that while the New York Court of Appeals in this case referred to the "harmless error" statute, it did not find that the pre-trial identifica-

tion was harmless beyond a reasonable doubt, as petitioner asserts is required by Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 [1967]. In *Chapman,* the Supreme Court held that references to defendants' failure to testify, made in the prosecutor's summation and in the trial court's charge, violated the defendants' Fifth Amendment rights, and that the error could not be treated as harmless, in the light of the "machine-gun repetition" of the references (386 U.S. at 26, 87 S.Ct. 824). The Court of Appeals was aware of the *Chapman* case, because it was cited in defendant's brief in that court, and is specifically mentioned in the *Wade* case, 388 U.S. at 242, 87 S.Ct. 1926.

Chief Judge Fuld, who granted leave to appeal in the state court, showed familiarity with the infirmities of pre-trial identifications in his concurring opinion in People v. Brown, 20 N.Y.2d 238, 243–244, 282 N.Y.S.2d 497, 229 N.E.2d 192 [1967], and in his opinion for the majority in People v. Ballott, 20 N.Y.2d 600, 286 N.Y.S.2d 1, 233 N.E.2d 103 [1967]. The *Ballott* case applied the rule of the *Wade* case, 388 U.S. at 240, 87 S.Ct. 1926, in holding that the state must prove at a new trial, by clear and convincing evidence, that the in-court identification was based on observations other than the police station identification (20 N.Y.2d at 607, 286 N.Y.S.2d 1, 233 N.E.2d 103).

In a more recent case, where there was a claim of prejudice from the use of the "show up" procedure, the New York Court of Appeals remitted the matter for an evidentiary hearing on the question whether the in-court identification was tainted by the improper pre-trial identification (People v. Hill, 22 N.Y.2d 686, 291 N.Y.S.2d 802, 238 N.E.2d 913 [1968]). This action conformed with the rule of the *Wade* case, where the remedy granted by the Supreme Court was to direct a hearing to determine "whether the in-court identifications had an independent source, or whether, in any event, the introduction of the evi-

dence was harmless error" (388 U.S. at 242, 87 S.Ct. at 1940).

 After reading the trial record, the briefs in the Court of Appeals, and the petition and opposing affidavit in this proceeding, this Court is not convinced that petitioner was denied due process of law, or that he did not receive a full, fair and adequate hearing in the state courts (28 U.S.C. § 2254 [d]).

The petition is denied.

So ordered.